Filed 2/17/23

CERTIFIED FOR PUBLICATION
COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080500 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD132737) |
| KELLY SUNDBERG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge. Appeal dismissed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Kelly Sundberg appeals from an order denying his application for outpatient placement pursuant to Penal Code section 1026.2.[1] In 1999, Sundberg was found not guilty by reason of insanity (NGI) following a criminal trial, resulting in his commitment to a state hospital. Over two decades later, Sundberg applied to be discharged from the hospital and

---

[1]    All statutory references are to the Penal Code unless otherwise designated.

placed under community supervision on an outpatient basis, but the trial court denied his application. He now appeals from that order.

On appeal, Sundberg's appointed counsel raises no arguable issues, but asserts that the procedures set forth in *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) apply to this appeal. Following existing authority, we conclude that the review required by *Anders* and *Wende* does not apply in this appeal. We offered Sundberg the opportunity to file his own brief on appeal, but he declined to do so. Accordingly, in the absence of any arguable issues to review, we dismiss this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Sundberg was charged with multiple offenses, including attempted murder. Sundberg was found not guilty by reason of insanity, and, in 1999, he was committed to a state hospital.

In 2021, Sundberg petitioned the court to be released from the hospital and placed under community supervision on an outpatient basis in a conditional release program (CONREP) as part of the process for restoration of his sanity pursuant to section 1026.2. After conducting an evidentiary hearing, the trial court denied the petition. Sundberg appeals from that order.

## DISCUSSION

We appointed counsel to represent Sundberg on appeal. His counsel filed a brief summarizing the facts and proceedings below. He informed this court that he found no arguable issues and set out the applicable facts and the law. We invited Sundberg to file a supplemental brief on his own behalf and he declined to do so.

Counsel notes the Supreme Court's decision in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), which held that the *Anders/Wende* independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, §§ 5000 et seq.). (*Ben C.*, *supra*, at p. 539.)  In *People v. Dobson* (2008) 161 Cal.App.4th 1422, the court relied on *Ben C.* and held that *Anders/Wende* review is not required in an appeal from an order denying an application for restoration of sanity pursuant to section 1026.2 filed by an NGI committee. (*Dobson, supra,* at pp. 1435-1436.)

Although counsel asks this court to conduct an *Anders/Wende* review, *Dobson* directly addresses the situation present here and we agree with its conclusion that this appeal is not subject to *Anders/Wende* review. Appointed counsel followed the procedures outlined in *Ben C.* by filing a brief informing the court that he found no arguable issues and setting out the applicable facts and the law. (*Ben C.*, *supra*, 40 Cal.4th at p. 544.)  Sundberg was provided with a copy of the brief and informed of his right to file a supplemental brief.  Sundberg did not elect to do so.  Because no reasonably arguable issues have been raised by counsel or appellant, we dismiss the appeal. (*Dobson*, *supra*, 161 Cal.App.4th at p. 1439.)

## DISPOSITION

The appeal is dismissed.

HUFFMAN, Acting P. J.

WE CONCUR:

DATO, J.

DO, J.